## Harry E. Baker, Appellee, v. Illinois Central Railroad Company, Appellant.

RAILROADS—*sufficiency of evidence of giving of signals for crossing.* A verdict for plaintiff against a railroad for injuries sustained in a crossing accident through defendant's negligence in failing to give the statutory warning by sounding a bell or whistle is against the weight of evidence where supported only by the testimony of four passengers on the train that they heard no bell or whistle, but that they were not paying any attention and where the engineer, fireman and baggageman on the train and four witnesses, who resided near the crossing and had their attention directed to the train, testified positively that both bell and whistle were sounded as the train approached the crossing and that the bell was rung continuously until the train stopped after the accident.

Appeal by defendant from the Circuit Court of Logan county; the Hon. FRANK LINDLEY, Judge, presiding. Heard in this court at the April term, 1922. Reversed and remanded. Opinion filed October 25, 1922. Rehearing denied December 19, 1922.

COVEY & WOODS, for appellant; JOHN G. DRENNAN, W. A. COVEY and CHARLES H. WOODS, of counsel.

HAROLD F. TRAPP, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

This appeal is prosecuted from a judgment for $5,500 recovered in the circuit court of Logan county by the appellee, Harry E. Baker, against the appel-

lant, Illinois Central Railroad Company. The appellee was injured at a railroad crossing. He was driving an automobile along a country road on October 2, 1920, and at a point where the road crosses the railroad track of appellant, about a mile and a quarter northwest of the village of Latham, and came into a collision with a passenger train running on appellant's road. The declaration charges that the collision was due to the negligence of the appellant. The first count charges general negligence in the operation of the train, the second count charges a neglect to give the statutory warning, by sounding a bell or blowing a whistle, and the third and fourth counts charge common-law negligence. There was a trial by jury which resulted in a verdict finding the appellant guilty and fixing appellee's damages, for which judgment was rendered.

The main question presented for review is whether the verdict is against the weight of the evidence. There is no evidence in the record to sustain any charge of negligence, except failure to give the statutory warning of the approach of the train by sounding a bell or blowing a whistle. Concerning this matter, five witnesses on the part of the appellee testified, including the appellee himself. The appellee testified positively that no bell was sounded nor whistle blown when the train approached the crossing. William H. Tracy, a salesman and passenger on the train in question, testified: "I don't recollect of any whistle or bell as the train approached the crossing; thought of it afterwards. No signals that I know of." Frank Barnes, also a passenger on the train, testified: "I never heard any bell or whistle," and on cross-examination said: "I have traveled a good deal on trains and don't pretend that I can hear the whistles that are blown or the bells that are rung in the country unless I am making it my business, and was not making it my business that day in question. Was not

paying any particular attention to anything of the kind." Carrie Davis, also a passenger, testified: "I didn't hear any whistle or bell," and on cross-examination she stated: "I don't know whether any whistle was sounded or bell rung." Myrtle Wilkerson, also a passenger, testified: "I didn't hear any bell or whistle," and on cross-examination acknowledged that she signed a statement that she did not know "whether the train whistled for the crossing or not." This was all the evidence of the appellee. On the part of the appellant six witnesses testified concerning the same matter. Lillian Auer, wife of a farmer residing about a quarter of a mile west of the crossing referred to and sixty feet north of the track, testified: "On the morning of October 2, 1920, about 9:30 I heard the morning train whistle. I was in the kitchen of my house at the time, just finishing churning. The bell was ringing when the train stopped." W. H. Leimbach, a farmer residing about a mile south of the crossing where the accident occurred, and who observed the train in question from a point 200 yards west of his house, testified: "I heard the train whistle, also saw it whistle. Saw the white smoke. There were four whistles—two long and two short. When the train whistled it was at least 1,200 to 1,500 feet from the crossing." J. Zimmerman, the locomotive engineer in charge of the locomotive on the train in question, testified that the bell on the engine was a standard brass bell and that it was rung by air and could also be rung by the bell cord, by hand; that he started the bell ringing as the train left Latham and kept it ringing until the train got to the crossing where the accident occurred, and that he blew the engine whistle for the crossing four times. W. T. Butts, the fireman on the engine in question, testified: "The bell was rung between the whistling post and the crossing. The bell started to ring at Latham and continued ringing until we stopped after the accident, about 500 feet

from the crossing." P. A. Vatchett, baggageman on the train, testified: "I heard the whistle blow; it gave two long and two short blasts. I also heard the bell ringing." George Wright, a farmer residing two and three quarters of a mile southwest of Latham, testified: "Know where the whistling post is and I was a quarter of a mile just north of it and a little east. I was working there that day plowing and saw a passenger train of the I. C. going northwest about 9:30 a. m. I heard the bell on the train ringing. I also heard the whistle; have a reason for remembering the whistle particularly. Shortly after the whistle blew the car was hit." O. G. Wright, a farmer residing at Latham, who was working in the field right north of the crossing, testified: "I observed the passenger train on the I. C. railroad that morning about 9:25, going northwest, traveling about thirty or thirty-five miles an hour. I heard the engine bell ringing and heard it ringing when it whistled for the first whistling post at Kick's crossing, and it was ringing when it reached the second crossing, * * * and kept it up until the accident. * * * I heard the whistle, it was a regular crossing whistle." It is apparent from the bare recital of the evidence that the verdict of the jury upon the vital question of fact in the case was manifestly against the weight of the evidence, and for that reason the judgment cannot be sustained. Judgment is therefore reversed and cause remanded.

*Reversed and remanded.*